Mr. Justice Huger
delivered the opinion of the court.
There is no precise form established for a will of personal property, but whatever form be adopted, it must always be made to appear that the intention of the testator was fixed and determined. In the language of one of the elementary writers, (1 Swinburne, 12,) referred to, it must be complete and perfect, and not left unfinished, to be completed at another time. The preservation of the will of 1810, the declarations of the testator, that he intended the memorandum as something from which a will was to be drawn, the non-execution of the draft which was always in’the testator’s power from 1813 to 1819, when he died, the commencement of another will on the back' of the draft in his own hand writing, nearly as variant from the memorandum as the memorandum was from the will of 1810, Ills declarations even as late as the day before his death, that he intended to leave legacies to two charitable societies not mentioned in his memorandum, are facts that fully authorize the inference, that the intention to establish the memorándum, and to revoke the will of 1810, wars ne* *412 ver fixed and perfect, although the testator may at tíme.; have thougbt'of doing so. The cases from Phillemore, a:-; well as all the other cases referred to by the appellant’:; counsel, only shew that from different facts, a different conclusion has been drawn, In most of them, death followed so soon after the issuing of instructions, as not only to have prevented the execution of the wills, but to have excluded the probability, if not the possibility of the testator having changed his mind. He would have signed had he lived, is the irresistable inference in each ; but what becomes of this inference, when six years intervene between the completion of the draft, and the death of the testator ? I think, reversed, he would have executed it, had he approved, is at least an authorized presumption, in the ease of Walker vs. Walker, (1 Merivale, 503,) a testamentary paper formerly drawn, signed and sealed, hut which had words of attestation and no witness, was ruled to be no will; because, from the words of attestation, it appeared that the instrument was intended to have been witnessed, and as it was never witnessed, the intention had never been complete and perfect. This case goes very far; further, Í think, than I should be disposed to go ; hut should a jury so decide, I should not feel myself authorized to say, they were wrong.
The motion is refused.
Justiéen Bay, Non and Johnson, concurred.